**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**KAREN KILGORE**                                                                                           **PLAINTIFF**

**V.**                              **CASE NO.: 2:15-CV-182-BD**

**CAROLYN W. COLVIN, Acting Commissioner
Social SecurityAdministration**                                                            **DEFENDANT**

**MEMORANDUM OPINION
AND ORDER AFFIRMING THE COMMISSIONER**

Karen Kilgore seeks review of the Commissioner's decision to deny her claims for disability benefits. Ms. Kilgore filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), alleging disability beginning March 29, 2011. (Tr. 194) Ms. Kilgore's claims were initially denied, and she requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 88-90, 94) After a supplemental hearing, the ALJ determined that Ms. Kilgore was not disabled under Title II of the Act. (Tr. 22) The Appeals Council denied Ms. Kilgore's request for review, thus making the ALJ's decision the Commissioner's final decision. (Tr. 1) Ms. Kilgore seeks judicial review of the Commissioner's denial of her application. The parties consented to the jurisdiction of the Magistrate Judge, and the case is ripe for decision.

**I.     The Commissioner's Decision**

The ALJ found that Ms. Kilgore met the insured status requirements of the Act through December 31, 2016. (Tr. 14) At step 1 of the sequential five-step evaluation process, the ALJ found that Ms. Kilgore had not engaged in substantial gainful activity

since her alleged onset date of March 28, 2011. *Id*. The ALJ concluded at step 2 that Ms. Kilgore had the following severe impairments: multiple sclerosis, inflammatory arthritis, migraine headaches, and left-sided hearing loss. *Id*. At step 3, the ALJ determined that Ms. Kilgore's impairments did not meet or equal a listed impairment. (Tr. 21) 20 CFR Part 404 Subpart P, Appendix 1(20CFR 404.1520(d), 404.1525 and 404.1526.

Before proceeding to step 4, the ALJ determined that Ms. Kilgore had the residual functional capacity ("RFC") to perform sedentary work, but with added limitations. (Tr. 16) The work must not expose her to unprotected heights, dangerous machinery, or noise levels higher than 3 as defined in the *Dictionary of Occupational Titles*. (Tr. 21) The ALJ considered Ms. Kilgore's complaints regarding her pain, treatment, and medication in arriving at the conclusion that she could perform sedentary work with additional limitations. Because Ms. Kilgore's past work as an elementary teacher and educational consultant exceeded her residual functioning capacity, the ALJ found that she was unable to perform her past relevant work. (Tr. 19)

After consulting a Vocational Expert and considering Ms. Kilgore's age, education, work experience, and residual functioning capacity, the ALJ found that jobs existed in significant numbers in the national economy that Ms. Kilgore could perform. Those jobs included: media clerk, chart clerk, and traffic clerk. (Tr. 21) Consequently, the ALJ found that Ms. Kilgore was not disabled. (Tr. 22)

## II. Discussion

### A) Standard of Review

Ms. Kilgore's only point on appeal is that the Commissioner's decision is not supported by substantial evidence on the record as a whole. The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

### B) Commissioner's decision supported by substantial evidence

Ms. Kilgore argues that the ALJ should have obtained supplemental evidence from her treating physicians to better assess her work-related limitations. She contends that an ALJ cannot draw inferences from medical records, and has an independent duty to develop the record fully and fairly. *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)

Ms. Kilgore asked two of her treating physicians, Drs. Behrens and Majewski, to

complete Medical Source Statements. (Docket entry #13, at 15) Both doctors declined to complete the forms. Ms. Kilgore maintains that the ALJ should have sought out Medical Source Statements from her doctors after she herself was unsuccessful. She seems to believe that only further evidence from her doctors could have completed the record, and that without such evidence, the ALJ lacked any medical opinions on which to rely. Ms. Kilgore cites to the ALJ's statement that this was "not an easy case" for the proposition that her decision was incomplete or insufficient. *Id*. at 17.

As the Commissioner points out, the burden of persuasion to prove disability lies with the claimant. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012) The ALJ has an obligation to contact a treating or consulting physician for additional information only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011) There was sufficient evidence in the record to support the ALJ's decision.

The record contained 29 exhibits in the medical evidence section, documenting treatment from 2011 to 2014. The ALJ examined in detail Ms. Kilgore's medical records, which supported diagnoses of multiple sclerosis, decreased hearing in her left ear, and inflammatory arthritis. In determining the severity of those impairments, the ALJ gave greater weight to the treating physicians and rejected the non-treating state examiners' opinions. (Tr. 15) The ALJ considered the frequency of Ms. Kilgore's treatment, her positive response to medication, and her reported ability to engage in some activities of

daily living.  (Tr. 17-18)

The ALJ noted that on March 29, 2011, Ms. Kilgore's neurologist, Dr. Bing Behrens, found normal muscle strength, muscle tone, gait and coordination.  Ms. Kilgore's EEG was unremarkable.  (Tr. 17)  Her condition remained unchanged in November 2011.  *Id*.  Rheumatologist Dr. Beata Majewski found in July 2012 that Ms. Kilgore could lift a cup, wash and dry herself, bend to pick up clothes, and turn a faucet on and off, but that she could not walk two miles.  *Id*.  At a February 2013 appointment, Ms. Kilgore reported that medication controlled her symptoms.  Tr. 19.

Ms. Kilgore does not quarrel with the ALJ's analysis of the medical evidence, but rather states that she should have done more.  Here, the ALJ sufficiently discussed and evaluated the ample medical evidence in the record, and did not err in failing to contact Ms. Kilgore's treating doctors.

Ms. Kilgore reported that she had been the sole caretaker of her 5-year-old great niece five months after her alleged onset date.  (Tr. 19)  She said she was able to drive, cook simple meals, exercise and walk her dog three times daily, wash clothing, dust, and sweep and mop.  (Tr. 233-36)  She stated she could stand for 20-30 minutes and lift 20 pounds.  (Tr. 70)  Ms. Kilgore's subjective reports in conjunction with the medical evidence support the ALJ's assessment that she could perform sedentary work, with limitations.

## III. Conclusion

The ALJ did not err by not contacting Ms. Kilgore's physicians, and there is substantial evidence to support the Commissioner's decision that Ms. Kilgore was not disabled within the meaning of the Social Security Act.  Accordingly, the final determination of the Commissioner is AFFIRMED, and Ms. Kilgore's complaint is DISMISSED with prejudice, this 9th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE